PAUL L. REIN, Esq. (SBN 43053)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

STEVEN L. DERBY, ESQ. (SBN 148372)
DERBY, McGUINNESS & GOLDSMITH, L.L.P.
200 Lakeside Drive, Suite A
Oakland, CA 94612
(510) 987-8878 ext 101
(510) 359-4419

info@dmglawfirm.com
Attorneys for Plaintiff
CHRISTOPHER SELDON

** Defendants' counsel listed after the caption*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CHRISTOPHER SELDON,

Plaintiff,

v.

MARKET PLAZA LLC; DENNY ABRAMS; RICHARD MILLIKAN; SUR LA TABLE, INC.; TACUBAYA, LLC; SARA WILSON dba PASTA SHOP; ANTHONY WILSON dba PASTA SHOP; PETER WILSON dba PASTA SHOP; and DOES 1-10, Inclusive,

Defendants.

Case No. 3:16-cv-02885 KAW
Civil Rights

**CONSENT DECREE AND ~~[PROPOSED]~~ ORDER FOR INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS**

Action Filed: May 27, 2016

MARK A. DELGADO #215618
DONAHUE FITZGERALD LLP
1999 Harrison Street, 25th Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Email: mdelgado@donahue.com

Attorneys for Defendants
MARKET PLAZA LLC, DENNY ABRAMS, RICHARD MILLIKAN, SARA WILSON, ANTHONY WILSON, PETER WILSON, and TACUBAYA, LLC

Matthew G. Ball (SBN 208881)
matthew.ball@klgates.com
Daniel W. Fox (SBN 268757)
daniel.fox@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco CA 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Attorneys for Defendant
SUR LA TABLE, INC.

1. Plaintiff Christopher Seldon ("Plaintiff") filed a Complaint in this action on May 27, 2016, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for alleged discriminatory experiences, denial of access, and denial of civil rights against Defendants Market Plaza, LLC, Denny Abrams, Richard Millikan, Sur La Table, Inc., Tacubaya, LLC, Sara Wilson dba Pasta Shop, Anthony Wilson dba Pasta Shop, and Peter Wilson dba Pasta Shop (sometimes "Defendants"), relating to alleged disability discrimination at Defendants' public accommodations as of June 14, 2014, and continuing. Plaintiff has alleged that Defendants violated Title III of the ADA; sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, sections 4450, *et seq.*, of the California Government Code, sections 17200 *et seq.* of the California Business & Professions Code, sections 19955 *et seq.* of the California Health and Safety Code and Title 24 California Code of Regulations by failing to provide full and equal access to the users of the commercial facilities at 1806 Fourth Street, Berkeley, California, also including County of Alameda Assessor Parcel Nos. 57-2102-11-3, 57-2114-2-1, 57-2101-2, 57-2102-4-1 and 57-2102-11-7 (sometimes called "Market Plaza").

2. Defendants deny any and all liability and wrongdoing with respect to the claims asserted against them by Plaintiff in the action, but seek settlement for the sole purpose of reducing their legal expenses associated with their defense of Plaintiff's claims.

3. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendants (together sometimes the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys' fees, costs,

and expenses raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning all of Plaintiff's claims for relief.

**JURISDICTION:**

4. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**NO ADMISSION OF LIABILITY:**

5. The Parties agree and acknowledge that the Consent Decree and Order is not and shall not be construed as an admission by Defendants (or any person or entity acting on their behalf) of any liability or any act of wrongdoing whatsoever, including without limitation, any violation of (a) any federal, state or local law, statute, regulation, code or ordinance; or (b) any legal, common law or equitable duty owed by Defendants to anyone.

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

7. The Parties agree and stipulate that the modifications will be performed in compliance with the applicable standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, Americans with Disabilities Act Standards for Accessible Design and conventional construction tolerances, unless other standards are specifically agreed to in this Consent Decree and Order.

    a. **Alterations, Modifications and Improvements:** Except as otherwise provided herein, the Alterations, Modifications and Improvements agreed upon by the Parties to be performed at Market Plaza is set forth in **Attachment A**, which is incorporated herein

and attached hereto. Defendants agree to undertake all of the respective alterations, modifications and improvements as set forth therein.

        b.    **Timing**: Defendants will complete each respective item by October 1, 2017. In the event that unforeseen difficulties (e.g., acts of God, force majeure, or events beyond Defendants' control, such as inability to obtain building or zoning permits, failure of city/county inspectors to make inspections, contractor defaults, or work stoppages) prevent Defendants from completing any of the agreed-upon respective injunctive relief, Defendants or their counsel will notify Plaintiff's counsel in writing within five (5) days of discovering the delay or issue. Plaintiff will have thirty (30) days to investigate and meet and confer with Defendants regarding possible alternatives so as to comply with the alterations, modifications and improvements set forth in Attachment A to the fullest extent practicable, and to approve the delay or alternative by stipulation or otherwise respond to Defendants' notice. If the Parties cannot reach agreement regarding the delay or alternative within that time period, Plaintiff may seek enforcement by the Court. Defendants or their counsel will notify Plaintiff's counsel when the modifications, alterations and/or improvements are completed, and, whether completed or not, will provide a written status to Plaintiff's counsel no later than 120 days from the Parties' signing of this Consent Decree and Order.

        c.    Defendants will notify Plaintiff in writing at the end of 120 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to respective injunctive relief, and every 60 days thereafter until all such access is provided. In the event that it shall be necessary for any party to the Consent Decree to institute legal action to enforce any of the terms and conditions or provisions contained herein, or for any breach thereof, then such party seeking enforcement shall be entitled to attorneys' fees and costs as determined by the court if successful. Should the court deem an action by any party to enforce to be frivolous and brought in bad faith under the *Christianberg* standard, then the party against whom relief was sought may be awarded costs and reasonable attorneys' fees, as stipulated by the parties or determined by the court.

        d.    **Written Policy:** Within 30 days of signing this agreement, Market Plaza,

LLC will implement the written policy directed to its retained parking lot security company as set forth in **Attachment B,** which is incorporated herein and attached hereto.

e. **Term of Consent Decree**: This Consent Decree shall remain in full force and effect for a period of five (5) years from the date it is signed by Judge Westmore (or other judicial officer) and may be enforced by appropriate petition to the court by the Parties. This Court will retain continuing and exclusive jurisdiction over the Parties for the purpose of enforcing, implementing and interpreting this Consent Decree. This action will be dismissed with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure within five (5) days after expiration of the term of the Consent Decree.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

8. Defendants agree to pay Plaintiff a global settlement amount as set forth in **Attachment C,** which shall remain confidential. In the event that any party seeks to enforce the terms in Attachment C, then Attachment C shall be filed under seal.

**CONFIDENTIALITY**

9. The Parties warrant that, unless otherwise required by law, Attachment C to this Consent Decree and Order and information therein shall remain confidential and shall be filed under seal, except that the Parties may disclose such information to their respective attorneys, accountants or other professional advisors to whom the Parties must make the disclosure in order for them to render professional services to the Parties. The Party making the disclosure under this paragraph will instruct them, however, to maintain the confidentiality of this information just as the Parties must. If any of the Parties is required to disclose the content of Attachment C or information therein pursuant to court order and subpoena, such party shall so notify the other parties in writing, within 72 hours of its receipt of such court order or subpoena, and shall simultaneously provide the other parties with a copy of such court order or subpoena.

10. Plaintiff and Plaintiff's counsel agree not to overtly publicize the content of this Consent Decree by a press release, Internet blog, website posting or similar public publication of the results obtained herein. Both Plaintiff and Plaintiff's counsel are free to

use this Consent Decree and all attachments hereto for purposes of enforcement of the Consent Decree and investigation of future potential claims involving the same premises whether by Plaintiff or another potentially aggrieved party.

**ENTIRE CONSENT DECREE AND ORDER:**

11. This Consent Decree and Order and **Attachments A, B and C,** constitute the entire agreement between the signing Parties regarding the matters set forth therein , and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

12. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest, and shall inure to the benefit of each party and their respective heirs, administrators, representatives, executors, assigns, successors, agents, servants and employees. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

13. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the

Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

14. Except for all obligations required in this Consent Decree and Order, each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action, damages, losses, liability of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit, including but not limited to any claims: (a) asserted, or which could have been asserted, in the action; (b) under Title III of the ADA, the Americans with Disabilities Act Standards for Accessible Design, California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55, sections 19955 *et seq.* of the Health and Safety Code, sections 4450, *et seq.*, of the California Government Code, sections 17200 *et seq.* of the California Business & Professions Code, Title 24 California Code of Regulations, or any administrative, regulatory, or common law relating to access for persons with disabilities at the Market Plaza, *with the exception of actions for the enforcement of the Consent Decree and Order*; and (c) for personal injuries (mental and/or physical), for pain and suffering, for mental anguish, for emotional distress, for medical expenses (including without limitation bills of all healthcare providers, doctors' bills, hospital bills, rehabilitation expenses, nursing care expenses, life care expenses, and psychiatric or psychological care expenses), for physical and mental impairment, for loss of function or capacity, for loss of physical ability, for loss of household services, for loss of consortium, for loss of past earnings, for loss of

future earnings capacity, for loss of inheritance of support, for disfigurement, for property damage (real or personal), for exemplary or punitive damages, for attorney's fees, for costs of court, for out-of-pocket expenses, regardless of whether such injuries, conditions, losses, expenses or damages have actually been suffered, experienced, or incurred by Plaintiff in the past or whether such may be suffered, experienced, or incurred in the future. This paragraph is not to be construed as an admission by Defendants that Plaintiff has or could have asserted any claims against Defendants, or that Defendants would have been liable for any such claims. This paragraph is also not to be construed as an admission by Defendants that there is a prevailing party in this action.

Plaintiff represents that, other than this action, he has no suits, claims, charges, complaints or demands of any kind whatsoever currently pending against Defendants with respect to the Market Plaza, with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Plaintiff will not hereafter assert or claim that Defendants are required to make additional or different modifications to the Market Plaza and will not attempt to enforce standards against Defendants regarding physical access features of the Market Plaza which conflict with or differ from what the Parties agree to in this Consent Decree and Order. Nothing contained in this Consent Decree and Order shall preclude Plaintiff from bringing further action if in the future he should suffer actual damage as a result of access violations that could not have been alleged in this action.

**SEVERABILITY:**

15. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

16. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in

counterparts and a facsimile signature shall have the same force and effect as an original signature.

**INTERPRETATION**

17. This Consent Decree and Order shall be deemed to have been mutually prepared by the Parties and shall not be construed against any of them by reason of authorship.

**EXTENSION OF TIME**

18. The Parties may jointly agree and subject to approval of the Court where required, to reasonable extensions of time to carry out the provisions of this Consent Decree and Order. Nothing in this paragraph shall be construed to require any Party to grant a requested extension.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

Dated: APRIL, 11, 2017

PLAINTIFF CHRISTOPHER SELDON

[signature]

Dated: 5.24, 2017

DEFENDANT DENNY ABRAMS

[signature]

Dated: MAY 25, 2017

DEFENDANT RICHARD MILLIKAN

[signature]

Dated: ____________, 2017

DEFENDANT SARA WILSON

______________________________

Dated: ____________, 2017

DEFENDANT ANTHONY WILSON

______________________________

Dated: ____________, 2017

DEFENDANT PETER WILSON

______________________________

Dated: MAY 25, 2017

DEFENDANT MARKET PLAZA, LLC

By: [signature]
Print name: RICHARD MILLIKAN
Title: MEMBER

Dated: ____________, 2017

TACUBAYA, LLC

By: ______________________________

Dated: APRIL, 11, 2017

PLAINTIFF CHRISTOPHER SELDON

[signature]

Dated: ______, 2017

DEFENDANT DENNY ABRAMS

______________________

Dated: ______, 2017

DEFENDANT RICHARD MILLIKAN

______________________

Dated: 5/4/17, 2017

DEFENDANT SARA WILSON

[signature]

Dated: 5/4/17, 2017

DEFENDANT ANTHONY WILSON

[signature]

Dated: 5/4/17, 2017

DEFENDANT PETER WILSON

[signature]

Dated: ______, 2017

DEFENDANT MARKET PLAZA, LLC

By: ______________________
Print name: ______________________
Title: ______________________

Dated: ______, 2017

TACUBAYA, LLC

By: ______________________

Dated: APRIL, 11 , 2017

PLAINTIFF CHRISTOPHER SELDON

[signature]

Dated: ____________, 2017

DEFENDANT DENNY ABRAMS

________________________________

Dated: ____________, 2017

DEFENDANT RICHARD MILLIKAN

________________________________

Dated: ____________, 2017

DEFENDANT SARA WILSON

________________________________

Dated: ____________, 2017

DEFENDANT ANTHONY WILSON

________________________________

Dated: ____________, 2017

DEFENDANT PETER WILSON

________________________________

Dated: ____________, 2017

DEFENDANT MARKET PLAZA, LLC

By: ____________________________

Print name: _____________________

Title: __________________________

Dated: 5/4/ , 2017

TACUBAYA, LLC

By: [signature]

Dona SAVITSKY

Print name:____________________
Title: ____________________

Dated: __________, 2017

SUR LA TABLE, INC

By: ____________________
Print name:____________________
Title: ____________________

Approved as to form:
Dated: April 11, 2017

DERBY, McGUINNESS & GOLDSMITH, LLP
LAW OFFICES OF PAUL L. REIN

By: ____________________
STEVEN L. DERBY, ESQ.
Attorneys for Plaintiff
CHRISTOPHER SELDON

Dated: May 25, 2017

DONAHUE FITZGERALD LLP

By: ____________________
MARK A. DELGADO, ESQ.
Attorneys for Defendants
~~SUR LA TABLE, INC.~~
MARKET PLAZA, ABRAMS, MILLIKEN, & WILSON

Dated: __________, 2017

K&L GATES LLP

By: ____________________
DANIEL W. FOX, ESQ.
Attorneys for Defendant
SUR LA TABLE, INC.

- 11 -

500269683 v10DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES AND COSTS
Case No. 3:16-cv-02885 KAW

Print name: ____________________
Title: ____________________

Dated: May 26th, 2017

SUR LA TABLE, INC

By: [signature]
Print name: Kelly Kennedy
Title: CFO

Approved as to form:
Dated: April 11, 2017

DERBY, McGUINNESS & GOLDSMITH, LLP
LAW OFFICES OF PAUL L. REIN

By: [signature]
STEVEN L. DERBY, ESQ.
Attorneys for Plaintiff
CHRISTOPHER SELDON

Dated: __________, 2017

DONAHUE FITZGERALD LLP

By: ____________________
MARK A. DELGADO, ESQ.
Attorneys for Defendants
SUR LA TABLE, INC.

Dated: May 30, 2017

K&L GATES LLP

By: [signature]
DANIEL W. FOX, ESQ.
Attorneys for Defendant
SUR LA TABLE, INC.

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: 6/23, 2017

Kandis Westmore

Honorable Kandis A. Westmore
United States Magistrate Judge

**ATTACHMENT A**

**REMEDIATION CHART**

*Christopher Seldon v. Market Plaza, LLC; Denny Abrams; Richard Millikan; Sur La Table, Inc.; Tacubaya, LLC; Sara Wilson dba Pasta Shop; Anthony Wilson dba Pasta Shop; Peter Wilson dba Pasta Shop*

Case No. 4:16-cv-02885-KAW

| ITEM | ELEMENT | MODIFICATION |
|---|---|---|
| **Tacubaya Restaurant** | | |
| 1 | Entry Door | Will install. |
| 2 | Entry Door | Remove kickstop and maintain a smooth and uninterrupted 10” on push side of door. |
| 3 | Entry Door | Will adjust or replace closer to achieve not more than 5lb force. |
| 4 | Counter Seating | Add accessible table per ADAAG. |
| 5 | Interior Seating | Already provided and will provide. |
| 6 | Interior Seating | Already rearranged and will maintain. |
| 7 | Self-Service Counter | Will relocate the glasses to not more than 48” AFF |
| **Tacubaya Restaurant – Single Accommodation Unisex Restroom** | | |
| 8 | Room Identification Sign | Will install. |
| 9 | Door Maneuvering Space – Push Side | Will relocate outside clear floor space, recess into wall or remove |
| 10 | Toilet Location | Install offset flange to relocate toilet. |
| 11 | Rear Grab Bar | Will remount. |
| 12 | Lavatory | Will change |
| 13 | Coat Hook | Will install second hook on same stand no more than 48” AFF |
| **Sur La Table** | | |
| 14 | Entry Door – Secondary Entry at Back of Store | Will adjust door closer force to 5 lbs. or less |

| ITEM | ELEMENT | MODIFICATION |
| --- | --- | --- |
| 15 | Entry Door – Secondary Entry at Back of Store | Will provide a 1/4" vertical or 1/2" beveled threshold |
| 16 | Aisle Width | Already provided as of this time and will continue to maintain. |
| **Pasta Shop** | | |
| 17 | Entry Door | Will install. |
| 18 | Entry Door | Remove stainless saddle, remove the steel floor plate threshold. Install compliant flat saddle if necessary. |
| **Exterior Table Seating – Outside table seating is shared between all tenant spaces and stretches the full length of the building (review was limited to tables in vicinity of Tacubaya and The Pasta Shop)** | | |
| 19 | Interior Seating | Will consistently keep 5% seating available in one or more tables in exterior. |
| **Accessible Parking at Primary Guest Parking Lot** | | |
| 20 | Accessible Parking | See Exhibit A for remediation plan. |
| **Accessible Parking at Primary Guest Parking Lot – Accessible Spaces SAS1 & SAS2** | | |
| 21 | Vehicle Spaces | See Exhibit A for remediation plan. |
| 22 | Width of Accessible Space | See Exhibit A for remediation plan. |
| 23 | Accessible Space - Slope | See Exhibit A for remediation plan. |
| 24 | Arrangement of Spaces | See Exhibit A for remediation plan. |
| **Accessible Parking at Primary Guest Parking Lot – Accessible Spaces SAS3 & SAS4** | | |
| 25 | Vehicle Spaces | See Exhibit A for remediation plan. |
| 26 | Accessible Space - Slope | See Exhibit A for remediation plan. |
| 27 | Arrangement of Spaces | See Exhibit A for remediation plan. |
| **Accessible Route of Travel – Parking to Shops** | | |
| 28 | Crosswalk CW1 | See Exhibit A for remediation plan. |
| 29 | Curb Ramp CR1 – Gutter Pan Slope | See Exhibit A for remediation plan. |
| 30 | Curb Ramp CR1 – Top Landing | See Exhibit A for remediation plan. |

| ITEM | ELEMENT | MODIFICATION |
| --- | --- | --- |
| 31 | Walk W1 - Width | See Exhibit A for remediation plan. |
| 32 | Pedestrian Ramp R1– Changes in Level | See Exhibit A for remediation plan. |
| 33 | Pedestrian Ramp R1 – Handrails | See Exhibit A for remediation plan. |
| **Exterior Star S1 – Parking to Shops** | | |
| 34 | Stair S1 – Handrail Bottom Extension | See Exhibit A for remediation plan. |
| **Accessible Parking Spaces VAS5 & ASA6 at the Back of Sur La Table** | | |
| 35 | Parking Space Dimensions | Already done as of December 1, 2016. |
| 36 | Accessible Space - Slope | Already done as of December 1, 2016. |
| 37 | Arrangement of Spaces | See Exhibit A for remediation plan. |
| **Accessible Routes of Travel – To Secondary Entrance of Sur La Table** | | |
| 38 | Walk - Slope | See Exhibit A for remediation plan. |



Parking Layout when Plaintiff Visited

CUSTOMER LOT NEAR MARKET PLAZA, LLC

Parking Layout when Plaintiff Visited

Parking Layout -Proposed Improvements

Print Date: ___________

ABRAMS * MILLIKAN
ARCHITECTURE CONSTRUCTION DEVELOPMENT
LICENSE #C25888
1834 Fourth Street Berkeley, CA. 94710
(510) 306 8580

**ADA Compliance MarketPlaza**

1760 - 1788 Fourth Street
Berkeley, CA.

The Architect expressly reserves their common law copyright and other property rights in these plans. These plans are not to be reproduced, changed, or copied in any form or manner whatsoever, nor are they to be assigned to a third party without first obtaining the written permission and consent of The Architect. In the event of unauthorized reuse of these plans by a third party, the third party shall hold Architect harmless.

DATE: 6/15/2016

SCALE: 1/4"=1'-0"

DRAWN : EA

JOB:

REVISION DATE BY CHECKED

SHEET NO.

EX 1a

OF ____ SHEETS

**ABRAMS/MILLIKAN**
DESIGN · CONSTRUCTION · DEVELOPMENT

1834 FOURTH STREET BERKELEY, CA. 94710
(510) 644-3002 FAX(510) 649-9095

# PARKING POLICIES

The customer lot (next to the tracks) is specifically reserved for customer parking only and should by no means be used for tenant employee parking. The tenant/ customer parking lot (next to Mechanics Bank) is to be used by tenants parking "only" in their assigned parking space and customers parking in the available customer spaces.

## A. CUSTOMER PARKING LOTS

1. All Customer Parking Spaces should be monitored for parking violations.
2. These spaces are reserved for CUSTOMER parking only and under NO circumstance should tenant employee parking be allowed.
3. Cars should be **ticketed** if parked in space for **more than three hours.**
4. Any parked car obstructing other cars or the flow of traffic should be immediately ticketed and towed.
5. **Tow cars after third (violation) ticket**
   **"BARRED" Ticket MUST have been issued on a previous occasion**
   - M-F come up to office to place tow call
6. Daily – provide office (Abrams/Millikan) with pink copy of ticket.
7. All reserved disabled parking stalls located in customer (and tenant-see below) parking lots shall be monitored and if vehicles parked have no disabled plates or tags, BPD will be immediately notified by Abrams/Millikan staff for ticketing and/or tow.

## B. MISCELLANEOUS NOTES

1. Monitoring Schedule / Monday through Sunday 8am to 5pm
2. Abrams/Millikan office hours are M-F 8:30am to 5:00pm
3. Attendant should use street parking to park their personal vehicle (parking in the lot is prohibited)
4. Tenant Schedules – 8:30am office / 9:30 retail / 10:30-11:00 Restaurant 1st shift/3:30-4:00 2nd shift

## C. TICKETING PROCEDURES/CLARIFICATION

- 1st violation = regular ticket
- 2nd violation = regular ticket
- 3rd violation = barred ticket
- Vehicle returning to lot after being "BARRED" =Tow @ Abrams/Millikan's discretion
- Vehicle receiving 3 + "regular tickets = Immediate " "BARRED" Ticket (don't wait)
- Regular Ticket (violation 1 and 2) grace period prior to issuing ticket of 15-20 minutes given by monitor.

## D. TENANT PARKING LOTS

1. Parking monitors shall ticket unauthorized vehicles as requested by Abrams/Millikan staff.

2. Tenant parking lots shall be monitored and if vehicles parked have no disabled plates or tags, BPD will be immediately notified by Abrams/Millikan staff for ticketing and/or tow.